NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 18 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERIC DANIEL LUCERO REYES, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 19-70997 Agency No. A205-143-098 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 14, 2020**
San Francisco, California

Before: FRIEDLAND and BENNETT, Circuit Judges, and RAKOFF,*** District
Judge.

Eric Lucero Reyes petitions for review of the Board of Immigration Appeals'

(BIA) denial of his applications for asylum, withholding of removal, and protection

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252 and "review denials of asylum, withholding of removal, and CAT relief for substantial evidence and will uphold a denial supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Silva-Pereira v. Lynch*, 827 F.3d 1176, 1184 (9th Cir. 2016) (internal quotation marks and citations omitted). This standard is deferential, and we reverse the agency only if the evidence compels a contrary conclusion. *See Sanjaa v. Sessions*, 863 F.3d 1161, 1164 (9th Cir. 2017). We deny the petition.[1]

Petitioner believed that the criminal organization known as La Familia Michoacana (LFM) was targeting members of his family in Chihuahua, Mexico. Between 2010 and 2018, six of Petitioner's relatives living in Chihuahua died. The circumstances of their deaths were relayed to Petitioner by his mother, who received information from his aunt living in Mexico.

Petitioner did not present any evidence, beyond his aunt's mere speculation, that compels a finding that LFM was responsible for the deaths of his relatives in Chihuahua and killed them on account of their family membership as opposed to on account of personal disputes or random criminal activity. *See Pagayon v. Holder*,

---

[1] Because we review the BIA's consideration of the merits of Petitioner's claims, we need not reach Petitioner's arguments that the Immigration Judge (IJ) erred in his findings relating to the timeliness of Petitioner's petition or the IJ's statement relating to his use of discretion.

2

675 F.3d 1182, 1191 (9th Cir. 2011) ("A personal dispute is not, standing alone, tantamount to persecution . . . ."); *Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir. 2004) (holding that random criminal acts bore no nexus to a protected ground). As substantial evidence supports the BIA's finding that Petitioner failed to establish any causal nexus between the harm and Petitioner's membership in a protected group, Petitioner is not entitled to asylum or withholding of removal. *See Zetino v. Holder*, 622 F.3d 1007, 1015–16 (9th Cir. 2010).

Additionally, no record evidence compels a finding that Petitioner would be unable to safely relocate within Mexico. *See* 8 C.F.R. § 1208.13(b)(2)(ii). Petitioner admitted that he has a common last name and he could not show how LFM would know if he were to return to Mexico, let alone deduce that he was related to anyone in Chihuahua.

As to Petitioner's CAT claim, substantial evidence supports the BIA's finding that Petitioner is not likely to be subject to torture with the consent or acquiescence of an individual acting in an official capacity. *See* 8 C.F.R. §§ 1208.16(c)(2), 1208.18 (a)(1). Since Petitioner has not shown that his relatives were targeted because of their familial relationship, no record evidence compels a finding that Petitioner would be the target of any particularized threat of torture upon his return to Mexico, *Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008), or of "the type of widespread abuse that would support CAT relief based on country conditions

3

alone," *United States v. Reyes-Bonilla*, 671 F.3d 1036, 1052 (9th Cir. 2012). Finally, Petitioner is under thirty, and nothing in the record compels a finding that his economic prospects are so dire as to render relocation unreasonable.[2]

**PETITION DENIED**

---

[2] Petitioner's Motion for Stay of Removal [Dkt. 1] is denied as moot.